IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEJANDRO RAMOS PRODENCIO, §<br>#33360-177, §<br>　　　　Petitioner, §<br>　§<br>v. §<br>　§<br>UNITED STATES OF AMERICA, §<br>　　　　Respondent. § | | 3:11-CV-2790-N (BK)<br>(3:05-CR-018-N-4) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge for findings, conclusions, and recommendation. Petitioner, a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  For the reasons that follow, it is recommended that the section 2255 be summarily dismissed with prejudice as barred by the one-year statute of limitations.

**I.  BACKGROUND**

In 2006, Petitioner was convicted of conspiracy to possess with intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime, and was sentenced to a 248-month term of imprisonment.  *United States v. Prodencio*, No. 3:05-CR-018-N(04) (N.D. Tex. Jan. 12, 2006), *aff'd*, 250 Fed. Appx. 43 (5th Cir. Oct. 3, 2007) (unpublished *per curiam*), *cert. denied*, 552 U.S. 1273 (Mar. 17, 2008).  On October 18, 2011, Petitioner filed this section 2255 motion raising ineffective assistance of counsel at trial.  (Doc. 1 at 7-8.)  The Court did not direct Respondent to file an answer or response.  *See* Rule 4 of the Rules Governing

Section 2255 Proceedings.[1]

## II. ANALYSIS

**A.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255(f).  The Court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why the section 2255 should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999) (court may raise the affirmative defense of the statute of limitations *sua sponte* in habeas cases).  Petitioner filed a response to the Court's show cause order.  (Doc. 6.)

The one-year limitations period is calculated from "the date on which the judgment of conviction becomes final . . . ."  *See* 28 U.S.C. § 2255(f)(1).  Sections 2255(f)(2)-(4) are inapplicable here.[2]

Petitioner's conviction became final on March 17, 2008, the date on which the United States Supreme Court denied his petition for writ of certiorari.  *See United States v. Thomas*, 203

---

[1] For purposes of this recommendation, the section 2255 motion is deemed filed on October 12, 2011, the earliest possible date on which Petitioner could have handed it to prison officials for mailing.  *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

[2] Petitioner's pleadings, even when liberally construed, allege no state created impediment, under section 2255(f)(2), that prevented him from timely raising the claims in this case.  Nor does he base the grounds on any new constitutional right under section 2255(f)(3). With regard to section 2255(f)(4), the Court determines that the facts supporting his grounds became or could have become known prior to the date on which her conviction became final.

F.3d 350, 355 (5th Cir. 2000); *see also Rhines v. Weber*, 544 U.S. 269, 272 (2005) (following same approach in a petition under 28 U.S.C. § 2254). Under section 2255(f)(1), Petitioner had one year, or until March 17, 2009, to file a timely section 2255 motion. Therefore, Petitioner's section 2255 motion, deemed filed as of October 12, 2011, is clearly time barred absent equitable tolling.

B. <u>Equitable Tolling</u>

In response to the court's show cause order, Petitioner asserts that he is a Mexican national who does not speak, read, write, or comprehend English. (Doc. 6 at 1.) He states that during "the last few months, [he] found someone . . . here at this prison to help [him] with [his] case and who can translate [his] Spanish into English, So [sic] [he] can file [his] 2255 correctly." *Id.* He also states that defense counsel refused to file a section 2255 motion and, thus, he requests this Court to consider his late filing. *Id.*

In light of Petitioner's *pro se* status, the Court liberally construes the above arguments as a request for equitable tolling. *See Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010) (because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (*per curiam*)). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling.  Petitioner squandered the *entire* one year period, delaying for three and one-half years before submitting this section 2255 motion.  His pleadings fail to provide any explanation for his delay, apart from the conclusory assertions that Petitioner does not speak English and only recently was able to locate someone who could assist him.  Unexplained delays, however, do not evince due diligence or rare and extraordinary circumstances.  "[E]quity is not intended for those who sleep on their rights."  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quotation and quoted case omitted); *see also Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

While Petitioner relies on his inability to speak, read, write, and comprehend English, neither his unfamiliarity with the English language nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See Petty*, 530 F.3d at 365-66 (lack of legal training, ignorance of the law, and pro se status are insufficient to equitably toll the AEDPA statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (equitable tolling is not required simply because a petitioner is unfamiliar with the legal process, is unrepresented, or is illiterate).  Inability to speak or read the English language is a disability common to many incarcerated persons and as such it does not justify equitable tolling.  *United States v. Morfin*, No. 3:06-CV-2301-M, 2007 WL 837276, *3 (N.D. Tex. 2007) (accepting findings and recommendation) (collecting cases); *see also Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002) (holding that where the alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify equitable

tolling); *United States v. Cordova*, 202 F.3d 283, 1999 WL 1136759 (10th Cir., Dec. 13, 1999) (unpublished opinion) (inability to read and speak English language does not warrant equitable tolling).

Next, Petitioner asserts that defense counsel refused to file a section 2255. (Doc. 6 at 1.) However, even if the refusal occurred during the one-year limitations period, it does not justify equitable tolling. Petitioner does not have the right to counsel during post-conviction proceedings. *See Petty*, 530 F.3d at 366 (holding that "ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings.") "The Sixth Amendment does not require counsel to apprise a defendant of the availability of collateral proceedings for attacking a conviction or any limitations on the seeking of such relief." *Morfin*, 2007 WL 837276, *3.

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Petty*, 530 F.3d at 365.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

SIGNED February 16, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE